UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS' LOCAL 25
PENSION FUND, ET AL.,

                Plaintiffs,                            No. 09-CV-10568

vs.                                                     Hon. Gerald E. Rosen

DETROIT DOOR AND HARDWARE CO.
AND MICHAEL J. WILT,

                Defendants.
_____/

OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO LIFT BANKRUPTCY STAY
AS TO MICHIGAN COMMERCIAL DOOR GROUP, LLC.

At a session of said Court, held
in the U.S. Courthouse, Detroit, Michigan
on        September 22, 2010

PRESENT: Honorable Gerald E. Rosen
                    United States District Chief Judge

I. INTRODUCTION

This action is presently before the Court on Plaintiffs' Motion to lift the automatic bankruptcy stay for the purpose of amending their complaint to add Michigan Commercial Door group, LLC as a defendant. Plaintiffs have fully briefed the motion. Defendant has not filed a response. Even so, the Court finds that the facts and legal arguments presented by the Plaintiffs are adequate for the determination of the motion

1

and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), this matter will be decided on the briefs. For the reasons set forth below, Plaintiffs' motion will be denied.

## II. BACKGROUND

Plaintiffs, the trustees of pension funds managed on behalf of various labor unions, filed the instant action in this Court for unpaid employee benefit contributions owed to Plaintiffs' funds under ERISA. On July 1, 2009, the Court entered a default judgment against Defendant Detroit Door and Hardware Co. Defendant Michael J. Wilt filed for Chapter 7 bankruptcy on April 1, 2010. The filing of bankruptcy operated as an automatic stay of all actions or claims against Defendant Wilt, and this court ordered, on April 12, 2010, that the present action be closed, for administrative purposes only, without prejudice.

Plaintiffs allege that Michigan Commercial Door Group, LLC is the alter ego/successor corporation of Detroit Door, and now move that this Court lift the bankruptcy stay for the purpose of filing an amended complaint to add Michigan Commercial Door as a defendant. Plaintiffs further assert that once the amended complaint is filed, Wilt's bankruptcy filing should not stay their action against Michigan Commercial Door[1].

---

[1] As the Court noted in its order to close the case for administrative purposes, the default judgment against Detroit Door is unaffected by Wilt's bankruptcy filing.

2

## III. LEGAL STANDARD

Federal district courts have original and exclusive jurisdiction of all cases under Title 11 (The Bankruptcy Code). 28 U.S.C. § 1334(a).  The district courts have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. § 1334(b).  The district court may provide that any or all cases where the court has jurisdiction under § 1334 be referred to bankruptcy judges. § 157(a). This Court has so provide by Local Court Rule 83.50 which states, "all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges." E.D. Mich. L.R. 83.50(a)(1). A civil proceeding is related to a case under Title 11 if the outcome affects the bankruptcy debtor's rights or liabilities and in any way impacts the handling and administration of the bankruptcy estate.  Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.), 86 F.3d 482, 489 (6th Cir. 1996); Browning v. Levy, 283 F.3d 761, 773 (6th Cir. 2002).

## IV. ANALYSIS

Bankruptcy judges have original jurisdiction to hear claims arising under the Bankruptcy Code.  28 U.S.C. § 157(b).  Such claims, called "core proceedings," invoke either a substantive right created by federal bankruptcy law or that could not exist outside of the bankruptcy.  Browning, 283 F.3d at 773.  Bankruptcy judges also have limited jurisdiction to hear "non-core proceedings" that are related to a case under Title 11.  28

3

U.S.C. § 157(c). It is the intention of this Court to give bankruptcy judges the broadest possible authority to administer cases that fall within their jurisdiction. L.R. 83.50(a)(1).

Plaintiffs assert that their cause of action against Michigan Commercial Door is not subject to the automatic stay placed on actions against Michael Wilt because Michigan Commercial Door is a separate entity from Michael Wilt and the alter ego/successor cause of action[2] is not property of the bankruptcy estate under 11 U.S.C. § 541(a)(1). If the cause of action is not property of the bankruptcy estate, it follows that it is not a core proceeding under the bankruptcy judge's exclusive jurisdiction. Plaintiffs cite Spartan Tube & Steel v. Himmelspach (In re RCS Engineered Prods. Co.), 102 F.3d 223, 225-7 (6th Cir. 1996), in support of their argument that a bankruptcy debtor cannot bring an alter ego action against its alter ego since a party cannot support a claim that it defrauded itself. Plaintiffs do not address the question of whether the bankruptcy court has "related to" jurisdiction over the claim at issue.

To be related to a case under Title 11, a proceeding need not be against the debtor or the debtor's property; rather there must be a nexus between the proceeding and the Title 11 case. In re Dow Corning Corp., 86 F.3d at 489. The effect of the proceeding need not be automatic or even likely imposition of liability on the bankruptcy estate to bring it within the bankruptcy court's jurisdiction; a conceivable effect on the debtor's

---

[2] "The successorship doctrine is often confused with the alter ego doctrine. The successorship doctrine is used to determine whether a new employer has an **obligation to bargain** when there is a bona fide sale of the employing company … a new corporation that is the alter ego of the employer it replaced will be held to **all of the prior employer's agreements and obligations**." NLRB v. Fullerton Transfer & Storage, Ltd., 910 F.2d 331, 336 n. 6 (6th Cir. 1990) (emphasis added).

rights, liabilities, options, or freedom of action is all that is required. Id. at 491 (quoting In re Marcus Hook Dev. Park Inc., 943 F.2d 261, 264 (3d Cir. 1991)). When a plaintiff alleges liability resulting from joint conduct of debtor and non-debtor defendants, bankruptcy jurisdiction exists since success against the non-debtor defendant has potential effects on the liabilities and administration of the estate bankruptcy. Id. at 492. Jurisdiction also may exist when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Id. at 493 (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986).

The broad scope of the bankruptcy court's jurisdiction to hear cases related to cases under Title 11 is exemplified in In re Salem Mortgage. Co., 783 F.2d 626 (6th Cir. 1986)[3]. That case involved a class action suit against four consolidated bankruptcy debtors and eight non-debtor defendants arising from a series of allegedly fraudulent real estate financing transactions. Id. at 629. The District Court determined that it did not have subject matter jurisdiction over the case under either core or non-core proceedings arising under or related to the Title 11 case. Id. at 631-2. The Sixth Circuit held that the bankruptcy court had jurisdiction over the proceedings because the parties to the

---

[3] The 7th Circuit Court of Appeals, in its opinion in In re Xonics, 813 F.2d 127, 131 (1987), disapproved, in part, of the breadth of the rule announced in In re Salem Mortg. Co., and would require that the effect of the related case be on the amount of the bankruptcy debtor's property available for distribution. But see In re Marcus Hook Dev. Park Inc., 943 F.2d 261, 264 (3d Cir. 1991); In re A.H. Robins Co., Inc., 788 F.2d 994, 1002 n.11 (4th Cir. 1986); In re Wood, 825 F.2d 90, 93 (5th Cir. 1987); In re Dogpatch, U.S.A., Inc., 810 F.2d 782, 786 (8th Cir. 1987); In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) supporting the broader interpretation (and all adopting the rule as first stated in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

5

transactions were so entwined as to sufficiently relate to the bankruptcy estate to support jurisdiction. Id. at 634-5. The court did not need to determine whether the non-debtor defendants were alter egos of debtor defendants or whether the debtor defendants might have a cause of action against non-debtor defendants. While many of the defendants were corporate officers of defendant corporations or shared a business address, others were wholly independent. Id. at 629 n7.

In the immediate case, Plaintiffs allege that Michigan Commercial Door is the alter ego of Detroit Door and Hardware Co, which in turn was a co-defendant with Michael Wilt. *See* Plaintiffs' Motion to File Amended Complaint, Doc. 208, p. i ¶ 6 (filed 06/18/2010). Plaintiffs allege Michigan Commercial Door is located at the same place, does the same work, serving the same customers, using the same equipment, employees and management as Detroit Door did before it stopped operating. Id. at ¶ 5. The entwinement between Michigan Commercial Door and the bankruptcy estate is at least as extensive as that among the co-defendants in Salem Mortg. Co. Furthermore, if Michigan Commercial Door is the alter ego of Detroit Door, then it is also a co-defendant with Michael Wilt involved in joint conduct with him. It appears, therefore, that any alter ego proceedings against Michigan Commercial Door based on liability arising from conduct of Detroit Door and Michael Wilt is sufficiently related to the Wilt bankruptcy case under Title 11. Therefore, the Court declines to take any action with respect to the automatic bankruptcy stay imposed over this case.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Lift the Automatic Bankruptcy Stay for the purpose of amending their complaint to add Michigan Commercial Door group, LLC as a Defendant is DENIED.

s/Gerald E. Rosen
GERALD E. ROSEN
Chief Judge, United States District Court

Dated: September 22, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 22, 2010, by electronic and/or ordinary mail.

s/Ruth A.Gunther, Case Manager